FILED'09 JUN 11 12:09USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 02-CR-432-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL EMMETT BECK, | |
| Defendant. | |

KARIN J. IMMERGUT
United States Attorney
**MICHELLE HOLMAN KERIN**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

          Attorneys for Plaintiff

1 - OPINION AND ORDER

**MICHAEL EMMETT BECK**
#59721-065
U.S.P.-Terre Haute
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

   Defendant, *Pro Se*

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#144) for Reconsideration of Sentence for Recognition of Acceptance of Responsibility. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## PROCEDURAL BACKGROUND

On October 16, 2002, Defendant Michael Emmett Beck was charged in a one-count Indictment with Bank Robbery in violation of 18 U.S.C. § 2113(a). On July 23, 2003, a jury found Defendant guilty of the one count.

On October 3, 2003, the Court sentenced Defendant to a term of 102 months imprisonment and three years of supervised release.

On October 8, 2003, Defendant appealed his conviction on the ground that the Court erred when it admitted certain evidence at trial. While Defendant's appeal was pending, the Supreme Court issued *United States v. Booker*, 543 U.S. 220 (2005), in which it held the United States Sentencing Guidelines were advisory. The Ninth Circuit, therefore, remanded Defendant's conviction for the

Court to reconsider Defendant's sentence in light of *Booker*. Pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), Defendant and the government submitted supplemental briefing on the issue of Defendant's sentence.

On November 3, 2005, the Court issued an Opinion and Order in which it concluded, among other things, that it would not have exercised its discretion differently in sentencing Defendant. Defendant did not appeal the Court's Opinion and Order.

On January 9, 2009, Defendant filed a Motion for Reconsideration of Sentence for Recognition of Acceptance of Responsibility in which he states he "accepts full responsibility for the crimes he has committed" and asks the Court to reduce his sentence for his acceptance of responsibility and because he has suffered assaults in prison.

On April 13, 2009, Defendant filed a Reply to his Motion in which he additionally asserts the Court erred following the remand from the Ninth Circuit when it did not permit him to be present in person "during resentencing."

## DISCUSSION

### I. The Court does not have the authority to modify Defendant's sentence.

The government contends the Court lacks authority at this stage to modify Defendant's sentence. The Court agrees.

A district court "does not have inherent power to resentence

3 - OPINION AND ORDER

defendants at any time. Its authority to do so must flow either from the court of appeals mandates under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35." *United States v. Hanada*, 122 F.3d 690, 691 (9th Cir. 1997)(quotation omitted). *See also United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003)(same). In fact, 18 U.S.C. § 3582(c) expressly prohibits the district court from modifying a term of imprisonment after "it has been imposed" except under limited circumstances that do not apply here.

Federal Rule of Criminal Procedure 35(c) provides: "The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." The Ninth Circuit has held a "district court must correct a sentence within seven days after orally pronouncing it or else it loses its jurisdiction [under Rule 35(c)] to modify the sentence." *United States v. Penna*, 319 F.3d 509, 511-12 (9th Cir. 2003). As noted, the Court resentenced Defendant on November 3, 2005, and, therefore, it is beyond the time allowed for the Court to modify Defendant's sentence under Rule 35(c).

In addition, Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record

4 - OPINION AND ORDER

arising from oversight or omission." The Ninth Circuit has held Rule 36 "is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing." *Id.* at 513 (citing *United States v. Hovsepian*, 307 F.3d 922, 927 (9th Cir. 2002)). Defendant has not pointed to nor can the Court discern any clerical error in Defendant's sentence. The Court, therefore, concludes Rule 36 does not provide the Court with the authority to modify Defendant's sentence.

## II. Defendant did not have a right to be present in Court in person following the Ninth Circuit's remand.

Even if the Court could consider Defendant's contention that he had the right to be present in person following the Ninth Circuit's remand, the Court would conclude it is not a sufficient basis for reconsideration of Defendant's sentence.

In *United States v. Silva*, the Ninth Circuit held due process, *Ameline*, and Federal Rule of Criminal Procedure 32 do not require a defendant to be present during a limited review of the sentence following a remand for reconsideration under *Booker*. 472 F.3d 683, 687 (9th Cir. 2007).

Accordingly, the Court concludes Defendant did not have a right to be present during the Court's limited review of his sentence pursuant to *Booker*.

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion (#144) for Reconsideration of Sentence for Recognition of Acceptance of Responsibility

IT IS SO ORDERED.

DATED this 11th day of June, 2009.

                                   */s/ Anna J. Brown*
                                   ANNA J. BROWN
                                   United States District Judge